SAGE LAW PARTNERS, LLC
JOHN MAYER (Bar No. 10959)
Email: jmayer@sagelawpartners.com
140 North Union Ave., Suite 220
Farmington, UT 84025
Telephone: (801) 438-7120
Facsimile: (801) 438-7121

MANATT, PHELPS & PHILLIPS, LLP
JOSEPH E. LASKA (pro hac vice)
Email: jlaska@manatt.com
KETAKEE R. KANE (pro hac vice)
Email: kkane@manatt.com
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Defendant
CALIFORNIA PHYSICIANS' SERVICE dba
BLUE SHIELD OF CALIFORNIA

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| KENNETH P. and NATASIA P., <br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>BLUE SHIELD OF CALIFORNIA,<br><br>　　　　　Defendant. | Civil No. 2:18-cv-00034 BSJ<br><br>**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE UNDER THE DOCTRINE OF *FORUM NON CONVENIENS***<br><br>Judge Bruce S. Jenkins |
|---|---|

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, at the date and time set by the Court, Defendant California Physicians' Service dba Blue Shield of California ("Blue Shield") will and does move to transfer venue of the matter to the United States District Court for the Northern District of

1

California under 28 U.S.C. Section 1404(a) for the convenience of the parties and witnesses and the interests of justice.

The motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the request for judicial notice, the declarations of Leslie Crawford and Ketakee Kane, any evidence or argument presented at the hearing, and any and all papers on file with the Court.

Dated: May 29, 2018  MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Ketakee R. Kane
    Ketakee R. Kane
    Attorneys for Defendant
    CALIFORNIA PHYSICIANS' SERVICE dba BLUE SHIELD OF CALIFORNIA

## I.   INTRODUCTION

This action has no meaningful connection to Utah. The Court should use its authority under 28 U.S.C. Section 1404(a) to transfer Plaintiffs Kenneth P. and Natasia P.'s complaint to the Northern District of California, where all parties and witnesses reside.[1]

Plaintiffs' complaint seeks recovery for a denial of benefits for residential mental health treatment under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Plaintiffs reside in California, and their group health plan is issued and administered by Defendant California Physicians' Service dba Blue Shield of California ("Blue Shield"), a California corporation with its principal place of business in California. In 2015, Natasia received residential mental health treatment at a facility in Utah, and Blue Shield employees in California denied her claim for benefits as not medically necessary.

Multiple Utah judges have addressed similar fact patterns because Plaintiffs' counsel regularly files cases in Utah in which care was rendered in Utah but all parties are non-Utah residents. The cases are usually transferred to the judicial district where defendant resides. Specifically, Utah judges have found that Utah is not the most convenient forum when, like here, Plaintiffs' plan was administered outside Utah, the denial of benefits was outside of Utah, and there are no Utah witnesses to be called.

Further, the case should be transferred using the traditional *forum non conveniens* factors. The case could have been brought in California under ERISA's venue statute. California is also the most convenient forum for the parties, all of whom reside in California. To the extent any

---

[1] Plaintiffs have sued pseudonymously as Kenneth P. and Natasia P. Because Plaintiffs' counsel has revealed Plaintiffs' identity to Blue Shield, Blue Shield does not oppose Plaintiffs proceeding pseudonymously in this action.

discovery is to be conducted outside the administrative record—which Blue Shield contends would be improper—the witnesses would be Blue Shield employees located in California. Also, since Plaintiffs are not Utah residents, their choice of forum is given little deference. Plaintiffs' complaint also fails to establish that Utah is the proper venue for this action.

For these reasons, Blue Shield respectfully requests that the Court transfer venue to the Northern District of California.

## II.     RELEVANT BACKGROUND

Plaintiffs allege that they are residents of San Mateo County, California, in the Northern District of California. (Compl. ¶ 1.) Plaintiffs participate in a Blue Shield group health plan sponsored by Kenneth's employer, a California corporation.[2] (Compl. ¶ 2; Declaration of Leslie Crawford ("Crawford Decl.") at ¶¶ 3-4.) The health plan is a self-funded employee welfare benefit plan under ERISA. (Compl. ¶ 2.)

Natasia, Kenneth's daughter, allegedly suffered from depression and anorexia. (Compl. ¶ 11.) From January 19 to November 27, 2015, Natasia was admitted to La Europa, a residential treatment facility in Utah. (Compl. ¶ 7.) There was no preapproval of care. After admission, Plaintiffs sought coverage for the residential treatment, but Blue Shield denied the treatment as not medically necessary. (Compl. ¶ 23.) Plaintiffs appealed the denial of benefits through Blue Shield's grievance process, and Blue Shield denied the appeal. (Compl. ¶¶ 24, 32.) Plaintiffs then sought an independent medical review from the California Department of Managed Health Care ("DMHC"), Blue Shield's state regulator. (Compl. ¶ 33.) The DMHC partially overturned Blue

---

[2] In an abundance of caution, Blue Shield has elected not to identify the name of Kenneth's employer in this publically filed document because Kenneth's employer appears to be a closely held company, and identification may jeopardize Plaintiffs' anonymity. (Crawford Decl. ¶ 4.)

Shield's denial of benefits for January 19 through March 31, 2015. (Compl. ¶ 50.) But the DMHC upheld Blue Shield's denial of benefits from April 1 to November 27, 2015, agreeing with Blue Shield that the care during that period was not medically necessary. (Compl. ¶ 42.) Plaintiffs seek those benefits for treatment at La Europa from April 1 to November 27, 2015.

The plan at issue is a Blue Shield health plan. Blue Shield issued and administered the health plan in California. (Crawford Decl. at ¶ 5.) Blue Shield is a California corporation with its primary place of business in San Francisco, California. (Request for Judicial Notice ("RJN"), Ex. 1.) The alleged conduct and actions that Plaintiffs contend are breaches of ERISA occurred in California. (Crawford Decl. at ¶ 5.)

### III. THE COURT SHOULD TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA FOR THE CONVENIENCE OF THE PARTIES

#### A. Utah Judges have transferred similar cases to other venues.

Judges in the Central District of Utah regularly see ERISA denial of benefits cases where all parties reside outside Utah. That is because Plaintiffs' counsel repeatedly files these types of cases in Utah. These cases are routinely transferred to a venue outside of Utah when the action could have been brought in another judicial district and the beneficiary, plan participant, and plan administrator reside in a judicial district outside of Utah.

For example, in *Island View Residential Treatment Ctr. v. Kaiser Permanente, et al.*, No. 1: 09-cv-3, 2009 WL 2614682, *1, (D. Utah Aug. 21, 2009) (unpublished) (Waddoups, J.), an ERISA denial of benefits for residential treatment case, Plaintiffs' counsel filed the action in Utah but the court transferred the case from Utah to the Northern District of California. Despite having received treatment in Utah, the plan beneficiary, plan participant, employer, and the plan administrator all resided in Northern California. *Id.* at *2-*3.

3

Similarly, in *Michael M. v. Nexsen Pruet Group Medical & Plan*, No. 2:17-cv-1236 TS, 2018 WL 1406600, *1 (D. Utah Mar. 19, 2018) (unpublished) (Stewart, J.), another ERISA denial of benefits for residential treatment case filed by Plaintiffs' counsel in Utah, the court transferred venue from Utah to South Carolina. While services were provided in Utah, the plan participant and the health plan were South Carolina residents, and payment was made in South Carolina.[3] *Id*. at *2-*3. The court also held residential treatment in Utah alone was an insufficient connection to the venue. *Id*. at *5.

Here, both Plaintiffs and Blue Shield reside outside of Utah—specifically in the Northern District of California. (Compl. ¶ 1; RJN Ex. 1.) Further, while the medical services were provided in Utah, Blue Shield administered Plaintiffs' health plan in California. (Crawford Decl. ¶ 5.) Finally, Blue Shield made its benefits determination in California. (*Id*.) Therefore, this case has limited connections to Utah and should be transferred.

---

[3] *See also Todd R. v. Premera Blue Cross Blue Shield of Alaska*, No. 1: 17-cv-00058-DN, 2017 WL 2912420, *1 (D. Utah July 7, 2017) (unpublished) (Nuffer, J.) (transferring venue from Utah to Washington in an ERISA denial of benefits case filed by Plaintiffs' counsel in Utah because plaintiffs were not Utah residents, defendant resided in Washington, and the plan was administered in Washington); *Danny P. v. Catholic Health Initiatives*, No. 1: 14-cv-00022-DN, 2015 WL 164183, *2-*3 (D. Utah Jan. 13, 2015) (Nuffer, J.) (unpublished) (transferring venue from Utah to the Western District of Washington in an ERISA denial of benefits case filed by Plaintiffs' counsel in Utah because—even though plaintiff received treatment in Utah—plaintiffs were Washington residents, the plan was administered in Washington, and coverage decisions were made in Washington); *David L. v. McGraw-Hill Companies, Inc. Grp. Health Plan*, No. 1:13-CV-00176 DS, 2014 WL 1653197, at *1-*2 (D. Utah Apr. 23, 2014) (unpublished) (Sam. J.) (transferring venue from Utah to New Jersey in an ERISA denial of benefits for residential treatment case filed by Plaintiffs' counsel in Utah because treatment was received in Utah, plaintiffs were residents of New Jersey, the plan was sponsored by a New York corporation, and the review and appeals were conducted in North Carolina).

> **B.     The case should also be transferred based upon traditional *forum non conveniens* factors.**

A district court may transfer a civil action to another district in which the action might have been brought based upon three general factors: (1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a). Section 1404(a) is intended "to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quotations and citations omitted).

When considering a motion to transfer venue under Section 1404(a), courts in the Tenth Circuit balance the following factors:

> [P]laintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure [sic] attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determines questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516.

Here, the interests of justice strongly favor transfer to the Northern District of California, as the case could have been brought in California, California is more convenient for both Plaintiffs and any witnesses, and judges in the Northern District of California are familiar with cases involving Blue Shield and its regulator.

### 1. The case could have been brought in California.

This action could have been brought in California because venue is proper in the Northern District of California under all three prongs of ERISA's venue provision. An ERISA action may be brought "[1] in the district where the plan is administered, [2] where the breach took place, or [3] where a defendant resides or may be found . . . ." 28 U.S.C. § 1132(e)(2).

Plaintiffs' plan is administered in California, which is where Blue Shield makes its determinations "to [approve or] not fully approve or reimburse claims." *IHC Health Servs., Inc. v. Eskaton Props., Inc.*, No. 2:16-cv-3-DN, 2016 WL 4769342, *4 (D. Utah Sept. 13, 2016) (unpublished) (Nuffer, J.) (transferring an ERISA residential treatment denial of benefits case filed by Plaintiffs' counsel from Utah to California when plaintiffs' plan was administered in California). (*See also* Crawford Decl. ¶ 5.) Therefore, venue is proper under the first prong of ERISA's venue provision.

Further, an ERISA breach (in the form of denial of benefits) takes place where the policy holder resides, and Plaintiffs reside in California—not in Utah. (Compl. ¶ 1.) *IHC Health Servs.*, 2016 WL 4769342, *4 ("The breach of an ERISA plan occurs at the place the policy holder resides and would have received benefits.") (internal quotation marks omitted); *Island View Residential Treatment Ctr.*, 2009 WL 2614682 at *1 ("The place [where a policy holder resides] is the location where the payment is to be made, even though the services may have been provided at an out-of-state location.") Therefore, venue is proper under the second prong of ERISA's venue provision.

6

Finally, Blue Shield resides in California. (RJN, Ex. 1.) It is a California corporation with its primary place of business in the Northern District of California, specifically in San Francisco. *Id.* Therefore, venue is proper in the Northern District of California, not Utah.

### 2. California is more convenient for both the parties and the potential witnesses.

As established in the complaint and in the declarations supporting this motion, it is more convenient for the parties to litigate this action in California because all parties reside in California. (Compl. ¶ 1; RJN Ex. 1.)

To the extent any discovery is conducted outside the administrative record—which Blue Shield contends would be improper—the most relevant witnesses and documents would be located in California. Because this is an ERISA action, review of Blue Shield's denial of benefits is limited to the administrative record. *See Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F. 2d 377, 380 (10th Cir. 1992) ("[T]he court must consider only the record before the plan administrator at the time it reached its decision. [Courts should not consider or rely] upon evidence not part of the administrative record.") (quotations omitted). Since the standard of review for Plaintiffs' plan is abuse of discretion, discovery would be limited to any alleged potential conflict of interest in Blue Shield's denial of Plaintiffs' claims, all potential evidence will be in Blue Shield's possession in California, and all potential witnesses will be Blue Shield employees. *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F. 3d 1124, 1130 (10th Cir. 2011). (Crawford Decl. Ex. A at 55; Ex. B at 60.)

Therefore, while Natasia's residential treatment was in Utah, the only witnesses and evidence are located in California, and it is more convenient for California witnesses to be called to testify in California.[4]

### 3. Courts in the Northern District are familiar with ERISA cases involving Blue Shield and its regulator.

While all federal courts are familiar with ERISA actions, the Northern District of California is familiar with denial of benefits litigation involving Blue Shield and its regulator. *See, e.g. Jamie F. v. Blue Shield*, Northern District of California, Case No. 5: 17-cv-02470-LHK; *Brian H. & Alex H. v. Blue Shield, et al.*, Northern District of California, Case No. 3: 17-cv-03095. Therefore, it is efficient to have local judges evaluate Plaintiffs' claims for relief.

The judges in the Northern District are also familiar with California's unique dual-regulator system. In California, regulation and oversight of health coverage is split between two state agencies: the DMHC and the California Department of Insurance ("CDI"). The DMHC governs health care service plans while the CDI governs insurers like life, disability, and property insurers, which in California includes health insurance. Cal. Health & Saf. Code §§ 1341, 1345(f); Cal. Ins. Code § 106. Blue Shield is a health care service plan subject to the Knox-Keene Act and regulated by the DMHC. *See Hailey v. Cal. Physicians' Serv.*, 158 Cal. App. 4th 452, 469-70 (2007). In this case, because Plaintiffs sought an independent review from

---

[4] *IHC Health Servs., Inc.*, 2016 WL 4769342 at *9 ("Although the convenience of the witnesses is not as important an issue in this case because the review in ERISA cases is generally limited to the administrative record, the most relevant witnesses and documents are located in California, not Utah, because California is where the Plan is administered, where [the defendant] is headquartered, and where [the defendant] made the decision to partially deny payment for [plaintiff's] treatment and care.") (internal quotation marks omitted).

the California DMHC, the judges of the Northern District of California will already be familiar with the requisite state laws governing Blue Shield and Plaintiffs' plan.

### 4. Enforceability of judgment.

Regarding enforceability, any judgment against Blue Shield would be easier to enforce in California by judges in the Northern District, since that is where Blue Shield resides. Therefore, the issue of enforceability weighs in favor of transfer. *Michael M.*, 2018 WL 1406600 at *6.

### 5. Plaintiffs' choice of forum is not given deference.

Plaintiffs' choice of forum is not entitled to deference because Plaintiffs do not live in Utah and Utah has little connection with the operative facts of this lawsuit. "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district . . . . Courts also accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F. 3d 1153, 1168 (10th Cir. 2010).

Here, as in *Michael M.* and *Island View Residential Treatment Ctr.*, the choice of forum is not a controlling factor because there is little to no connection between Blue Shield's benefits denial and Utah. *Michael M.*, 2018 WL 1406600 at *5, *Island View Residential Treatment Ctr.*, 2009 WL 2614682 at *3. So Plaintiffs' choice of forum is not sufficient to override a transfer.

### C. Plaintiffs' complaint does not state facts sufficient to override transfer.

Plaintiffs' complaint alleges that venue is proper in Utah because Blue Shield does business in Utah and the likelihood of Natasia maintaining her privacy is greater in Utah. Both allegations are wrong.

### 1. Blue Shield does not do business in Utah.

Plaintiffs' complaint alleges that Blue Shield "through, its nationwide network of affiliates, conducts business in Utah." (Compl. ¶ 7.) This is inaccurate. Blue Shield is a separate corporate entity from other Blue Shield or Blue Cross entities around the country, including Regence BlueCross BlueShield of Utah. Blue Shield does not do business in the state of Utah. Blue Shield is not incorporated in Utah. (RJN, Ex. 2.) Blue Shield is also not registered with the Utah Insurance Department. (RJN, Ex. 3.) As such, Blue Shield does not make intentional contact with this judicial district.

In fact, Plaintiffs' coverage documents state that if Plaintiffs receive care outside the state of California—even if the provider has a relationship with another Blue Cross or Blue Shield Plan—Blue Shield, *as a separate corporate entity*, is still responsible for providing Plaintiffs' benefits, under the contractual relationship between Plaintiffs and Blue Shield. (Crawford Decl. A at 29; Ex. B at 25-27.) Further, when, as here, a Blue Shield member receives services from an out-of-network provider, Blue Shield's payment obligation is to the Blue Shield member, *not* to the out-of-network provider. (*Id*. ¶ 6.) In other words, the out-of-network facility—La Europa in this case—is not directly reimbursed by Blue Shield.

### 2. Plaintiffs' privacy concerns can be addressed in the Northern District of California.

Plaintiffs' complaint also alleges that Natasia's privacy will be better maintained by bringing her claim in Utah. (Compl. ¶ 7.) This questionable allegation is given "little weight in deciding whether to transfer the case" because privacy can be ensured in any venue. *Michael M.*, 2018 WL 1406600 at *7.

10

Natasia's privacy can be addressed in California. For example, Blue Shield does not contest Plaintiffs' ability to sue under a pseudonym. Further, Blue Shield is willing to stipulate to a protective order to ensure Natasia's privacy. Therefore, privacy considerations should not affect whether to transfer the motion.

## IV. CONCLUSION

Thus, for these reasons, the civil action should be transferred to the Northern District of California.

Dated: May 29, 2018  MANATT, PHELPS & PHILLIPS, LLP


By: /s/ Ketakee R. Kane
    Ketakee R. Kane
    Attorneys for Defendant
    CALIFORNIA PHYSICIANS' SERVICE dba BLUE SHIELD OF CALIFORNIA